UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ADRIENNE MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-cv-43 |
| | ) |
| AEROTEK, INC. and | ) |
| TOYOTA MOTOR MANUFACTURING, | ) |
| INDIANA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Adrienne Mason ("Mason"), by counsel, brings this action against Defendants, Aerotek, Inc. ("Aerotek") and Toyota Motor Manufacturing, Indiana, Inc. ("TMMI") alleging violations of Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and for violation of the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq*.

**II. PARTIES**

2. Mason is a resident of the State of Illinois.

3. Aerotek maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

4. TMMI maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 29 U.S.C. §2617(a)(2); and 42 U.S.C. § 12117.

6. Aerotek is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

7. TMMI is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

8. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9. Mason is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendants had knowledge of Mason's disability and/or each regarded Mason as being disabled.

10. Mason satisfied her obligation to exhaust her administrative remedies having timely filed Charge of Discrimination No. 470-2013-01728 against TMMI and 470-2013-01727 against Aerotek with the U.S. Equal Employment Opportunity Commission alleging discrimination based on her disability. Mason received her Notice of Suit Rights and timely files this action.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Mason was hired by Aerotek on or about August 15, 2011. She worked at TMMI as an Assembly Worker.

13. Mason suffers from multiple physical impairments, including irritable bowel syndrome and a seizure disorder, that substantially limit her in major life activities of working, sleeping, caring for herself, and waste elimination, performing manual tasks, and walking, and/or she is perceived as disabled by the Defendants and/or she has a record of such conditions. Both Defendants were aware of Mason's impairments as she used leave under the FMLA for each impairment. Specifically, for her seizure disorder, Mason utilized a continuous leave of absence between approximately November 26, 2012 and January 16, 2013.

14. For her irritable bowel syndrome, in conjunction with an absence on October 12, 2012, Mason applied for and was approved for intermittent leave under the FMLA so that she could take time off when a flare-up of her condition occurred. Beyond her requests for leave under the FMLA, Mason also discussed her conditions with Liz Cunningham ("Cunningham"), a HR Representative with Aerotek, as well as her supervisors at TMMI.

15. On or about March 1, 2013, Brandi Floyd ("Floyd"), a HR Representative with Aerotek, informed Mason that her employment was being terminated. Floyd indicated that she had spoken with TMMI's Team Member Relations and that they decided that Mason's employment should be terminated due to her absence on October 12, 2012 – an absence that was related to her disability; for which she had requested and was approved for leave under the FMLA; and an absence for which she had Paid Time Off (PTO) to cover.

16. Further, due to her seniority date, Mason was slated to be hired by TMMI in a group that was actually hired in or about early April 2013. TMMI did not hire Mason due to her disabilities and use of leave under the FMLA.

17. Defendants refused to accommodate and intentionally discriminated against Mason based on her disability in violation of the Americans with Disabilities Act and her because of her use of leave under the FMLA.

## V. CAUSES OF ACTION

### COUNT I: FMLA INTERFERENCE

18. Mason hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint.

19. Defendant Aerotek unlawfully interfered with the exercise of Mason's rights under the FMLA.

20. Defendant Aerotek's actions were intentional, willful, and in reckless disregard of Mason's rights as protected by the FMLA.

21. Mason suffered damages as a result of Defendant Aerotek's unlawful actions.

### COUNT II: FMLA RETALIATION

22. Mason hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Defendants unlawfully retaliated against Mason for exercising her rights under the FMLA.

24. Defendants' actions were intentional, willful, and in reckless disregard

of Mason's rights as protected by the FMLA.

25. Mason suffered damages as a result of Defendants' unlawful actions.

### COUNT III: VIOLATION OF THE ADA - DISCRIMINATION

26. Mason hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Defendants violated Mason's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to accommodate Mason's disabilities and terminating her on the basis of her disabilities.

28. Defendant TMMI violated Mason's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to hire Mason on the basis of her disabilities.

29. Defendants' actions were intentional, willful and in reckless disregard of Mason's rights as protected by the ADA.

30. Mason has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Adrienne Mason, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Mason to the position, salary, and seniority level she would have enjoyed but for Defendants' unlawful actions; and/or payment to Mason of front pay in lieu thereof;

2. Accommodate Mason's disabilities, as required by the ADA;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

4. Pay compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5. Pay liquidated damages for Defendants' violation of the FMLA;

6. Pay to Plaintiff compensatory damages, including lost future earning capacity and punitive damages;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Andrew Dutkanych III, Atty. No. 23551-49
Lauren E. Berger, Atty. No. 29826-19
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
lberger@bdlegal.com

Attorneys for Plaintiff, Adrienne Mason

## **DEMAND FOR JURY TRIAL**

Plaintiff, Adrienne Mason, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Andrew Dutkanych III, Atty. No. 23551-49
Lauren E. Berger, Atty. No. 29826-19
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
                    lberger@bdlegal.com

Attorneys for Plaintiff, Adrienne Mason